IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRE'VON A. WOODARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-2764-B-BN |
| | § | |
| EMILY STERLING, UNITED | § | |
| RENTALS, EVANS GENERAL | § | |
| CONTRACTORS, and STAFF ZONE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Citing 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Harris Ventures, Inc. d/b/a Staff Zone (Staff Zone) removed Plaintiff Tre'Von A. Woodards's *pro se* action filed in a Dallas County state court after Woodards filed an amended petition in which, according to Staff Zone, Woodards "asserts claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.), the Wiretap Act (18 U.S.C. § 2511), and violation of Title 18, United States Code, Sections 241 through 249, all of which invoke federal question jurisdiction." Dkt. No. 1, ¶¶ 4, 5; *see also* Dkt. No. 1-34.

United States District Judge Jane J. Boyle referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 5.

And, after reviewing the Notice of Removal [Dkt. No. 1], the undersigned *sua sponte* questioned whether removal is proper and required Staff Zone to file a brief that demonstrates to the Court that it possesses jurisdiction or to agree to remand to

state court. *See* Dkt. No. 6; *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have an independent duty to examine their own subject matter jurisdiction); *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (A federal court must "start, as always, with jurisdiction." (citation omitted)). Staff Zone then filed a brief arguing that there is jurisdiction under the Wiretap Act. *See* Dkt. No. 9.

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Where removal is based on a federal question, a court must "determine whether [a] claim arises under federal law" by "examin[ing] the 'well pleaded' allegations of the complaint." *Id.* That is, jurisdiction under Section 1331 only "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

So, to support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."); *Tobacco & Wine, Inc v. Cnty. of Dall.*, 456 F. Supp. 3d 788, 791-92 (N.D. Tex. 2020) ("Whether an action is removable based on federal question jurisdiction is determined by the allegations in the plaintiff's 'well-pleaded complaint' at the time of removal." (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001))).

"The applicable test for determining jurisdiction on the face of the pleadings is not whether the plaintiffs could actually recover, but whether the federal claim alleged is so patently without merit as to justify the district court's dismissal for want of jurisdiction." *Suthoff v. Yazoo Cnty. Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. Unit A Feb. 1981) (citing *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59 (1978)). Put another way, "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)). And "a complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*,

555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").

In sum, a complaint that simply points to a federal law does not provide for subject matter jurisdiction under Section 1331 where the complaint lacks factual allegations showing how the federal law applies to a plaintiff's claim. *See Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("[A]lthough Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citation omitted)); *Harrington v. City of Shiner, Tex.*, No. 6:20-cv-00039, 2021 WL 4503013, at *5 (S.D. Tex. Sept. 30, 2021) ("Harrington failed, not in stating conclusory or vague facts to support his Section 1983 claim, but in showing that the Section 1983 claim was not frivolous, insubstantial, or patently without merit given the facts that he *did* allege. Thus, the district court concluded that the claim did not raise a federal question given the lack of a foundation for the Section 1983 claim – that is, an alleged constitutional rights violation – as well as the lack of any factual allegations that could even imply the applicability of the statute." (discussing prior dismissal by the court; citations omitted)).

## Analysis

Woodards's amended state petition points to several federal criminal statutes,

but that petition fails to include allegations showing that Woodards has a private right of action under these statutes such that they may provide a basis for federal question jurisdiction. *See Ennis Transp. Co. Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal. In rare circumstances, however, where a criminal statute has 'a statutory basis for inferring' the existence of a civil action, violation of a criminal statute may give rise to a private cause of action." (citations omitted)); *see also Tucker v. U.S. Court of Appeals for Tenth Circuit*, 815 F. App'x 292, 294 (10th Cir. 2020) ("Sections 241 and 242 are criminal statutes that do not provide for private civil causes of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ('[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'); *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (unpublished) (recognizing that it is 'settled law' that §§ 241 and 242, 'like other such statutes, do not provide for a private civil cause of action' (citations omitted)).").

On the other hand, the Wiretap Act, 18 U.S.C. § 2510, *et seq.*, does allow for a private right of action: "Section 2520 allows 'any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter' to recover appropriate relief from the person or entity which engaged in the violation in a civil action. 18 U.S.C. § 2520(a). This section establishes that the

violations for which civil actions are allowed are those described in this 'chapter.' Chapter 119, Wire and Electronic Communications Inceptions and Interception of Oral Communications, includes section 2511 which prohibits the intentional interception of any wire, oral, or electronic communication. 18 U.S.C. § 2511(1)(a)." *DIRECTV, Inc. v. Bennett*, 470 F.3d 565, 568 (5th Cir. 2006) (per curiam).

And, in its brief, Staff Zone contends that its removal was proper because Woodards "has sufficiently asserted factual allegations to support a cause of action under the federal Wiretap Act" and, if the Court disagrees, asserts that this case should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) as opposed to remanded to state court. *See* Dkt. No. 9.

Staff Zone argues that, although Woodards's factual averments are few, he "supports his federal Wiretap Act cause of action with factual allegations. He alleges that Defendants have been wiretapping him and invading his privacy 'domestically' and at his workplace, and he also claims he 'experienced wiretapping' when he 'went back to school for his sophomore year at Texas State University.'" *Id.*, ¶ 9 (quoting Dkt. No. 1-34).

Such facts may not support a plausible claim under the Wiretap Act. But, as Staff Zone rightfully argues, that is not the test to determine whether there is "jurisdiction on the face of the pleadings" – that standard "is not whether the plaintiffs could actually recover, but whether the federal claim alleged is so patently without merit as to justify the district court's dismissal for want of jurisdiction." *Suthoff*, 637 F.2d at 340. And Woodards's allegations in support of this claim,

although seemingly implausible or possibly incomplete, are not "'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa*, 943 F.3d at 1007. So Staff Zone has carried its burden to support removal under Section 1331 by locating allegations in Woodards's complaint that support a federal claim.

The Court should therefore find that federal question jurisdiction existed at the time of removal and need not consider Staff Zone's alternative argument for dismissal under Rule 12(b)(1) (as opposed to remand under 28 U.S.C. § 1447(c)).[1]

**Sanctions**

Although the Court does possess subject matter jurisdiction over his lawsuit removed from state court, Woodards is a sanctioned litigant in this district, who may "file no future civil action in this Court or continue any action that is removed to this Court unless he obtains leave from a judge of this Court to do so." *Woodards v. Google Corp.*, No. 4:20-cv-645-O-BP, 2020 WL 4904735 (N.D. Tex. Aug. 19, 2020), *accepting findings, conclusions, recommendation of the magistrate judge*, 2020 WL 4905573 (N.D. Tex. June 30, 2020). And Woodards has not attempted to obtain leave from a

---

[1] *Cf. Hill v. United States*, No. 5:18-CV-21-DCB-MTP, 2018 WL 1902375, at *2 (S.D. Miss. Apr. 20, 2018) ("Some circuits hold that when a court that in fact lacks subject-matter jurisdiction is faced with a motion to remand and a motion to dismiss for lack of subject-matter jurisdiction, it must grant the motion to remand and leave the motion to dismiss to be addressed by the state court. The Fifth Circuit holds otherwise. It has time-and-again recognized a 'futility exception' to § 1447(c), which permits a district court to dismiss – rather than remand – an action when remand would be futile because the state court, too, lacks jurisdiction. The exception has its limits: It permits a court to select dismissal over remand only if it is clear that the state court lacks subject-matter jurisdiction." (citations omitted)).

judge of this Court since removal. The Court should therefore not allow this lawsuit to continue and should instead administratively close it based on the prior sanctions order.

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). Accordingly, "[t]he proper administration of justice requires that courts [honor sanctions orders imposed by other federal courts as] to prisoner and nonprisoner litigants alike." *Sheehan v. State of Tex.*, No. 3:05-cv-1318-K, 2005 WL 2036686, at *1 (N.D. Tex. Aug. 17, 2005) (citations omitted)).

## Recommendation

While the Court should find that there is subject matter jurisdiction over this lawsuit removed from state court, it should nevertheless administratively close it for Plaintiff Tre'Von A. Woodards's failure to comply with the terms of a prior sanctions order entered by another judge in this district; deny any written request for leave to proceed in this action that Woodards may file; and instruct the Clerk of Court to docket, for administrative purposes only, and then terminate any pending and future

motions in this action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 12, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE